UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT ABOU-GEBRAEL,

     Plaintiff,                         CIVIL ACTION NO. 05-CV-72304-DT

    v.                              DISTRICT JUDGE ARTHUR J. TARNOW
                                      MAGISTRATE JUDGE DONALD A. SCHEER
COMMISSIONER OF
SOCIAL SECURITY,

     Defendant.

_____/

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

RECOMMENDATION:  Plaintiff's Motion for Summary Judgment should be DENIED, and that of Defendant GRANTED, as there was substantial  evidence on the record that claimant retained the residual functional capacity for a limited range of light work.

\*   \*   \*

Plaintiff filed an application for Social Security disability insurance benefits on August 15, 2002, alleging that he had become disabled and unable to work on September 25, 2001, at age 46, due to severe back pain. Benefits were denied by the Social Security Administration. A requested de novo hearing was held on July 9, 2004, before Administrative Law Judge (ALJ) Bennett Engelman. The ALJ found that the claimant retained the residual functional capacity to perform a limited range of light work providing a sit-stand option. The Appeals Council declined to review that decision and Plaintiff commenced the instant action for judicial review of the denial of benefits.  The parties have

filed Motions for Summary Judgment and the issue for review is whether Defendant's denial of benefits was supported by substantial evidence on the record.

Plaintiff was 49 years old at the time of the administrative hearing. He had an eleventh grade education, and had been employed during the relevant past as an automotive worker for General Motors (TR 68, 242).  As an assembly worker, he did a lot of walking and standing. He had to constantly bend down and reach over his head.  He was required to lift upwards of 50 pounds on a regular basis (TR 69, 244).  Claimant stopped working in September 2001, after injuring his back in a work related accident[1] (TR 245). Plaintiff testified that he remained disabled as a result of severe back pain that prevented him from sitting, standing or walking for extended periods (TR 252). He claimed that he was still unable to return to work due to chronic back pain radiating into his legs (TR 251-252). Pain medications proved ineffective, and he had to  lie down with his feet elevated to get any pain relief (TR 253).  While Plaintiff could care for his personal needs and shop with the help of his wife, he allegedly was unable to perform any household chores or yard work (TR 62-66, 250-251).

A Vocational Expert, Melody Henry, classified Plaintiff's past work as light to medium, unskilled activity (TR 90). The witness testified that there were no jobs for claimant to perform if his testimony were fully accepted (TR 259).[2]  If he were capable of light work, however, there were numerous unskilled packaging, machine tender, inspection and bench assembly jobs that he could still perform with minimal vocational adjustment

---

[1]At the time of the hearing, Plaintiff was receiving $644.00 a week in workers' compensation benefits and $1952.00 a month in disability benefits from GM (TR 243).

[2]The witness opined that claimant's alleged need to lie down with his feet elevated periodically throughout the day would preclude all work activity (TR 259).

(TR 257-258). These jobs provided a sit-stand option, and required only occasional bending and twisting. The jobs did not require a worker to maintain attention and concentration for extended periods (TR 259).

LAW JUDGE'S DETERMINATION

The Administrative Law Judge found that Plaintiff was impaired as result of chronic back pain, but that he did not have an impairment or combination of impairments severe enough to meet or equal the Listing of Impairments. The ALJ recognized that claimant's back discomfort prevented him from performing jobs requiring him to sit or stand for prolonged periods. He was further limited to occasional bending and twisting. The Law Judge found that the claimant retained the residual functional capacity to perform a significant number of light jobs[3], as identified by the Vocational Expert.

STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this court has jurisdiction to review the Commissioner's decisions. Judicial review of those decisions is limited to determining whether her findings are supported by substantial evidence and whether she employed the proper legal standards. Richardson v. Perales, 402 U.S. 389, 401 (1971). Substantial evidence is more than a scintilla but less than a preponderance. It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. See

---

[3]Light work activity is defined as the ability to lift no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job in this category sometimes requires a good deal of walking or standing, or involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, a person must have the ability to do substantially all of these activities. If someone can do light work, the Commissioner will also find that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

Kirk v. Secretary, 667 F.2d 524, 535 (6th Cir. 1981), cert. denied, 461 U.S. 957 (1983). This court does not try the case de novo, resolve conflicts in the evidence, or decide questions of credibility.  See Brainard v. Secretary, 889 F.2d 679, 681 (6th Cir. 1989); Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole.  Kirk, 667 F.2d at 536.  If the Commissioner's decision is supported by substantial evidence, it must be affirmed even if even substantial evidence also supports the opposite conclusion, Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986) (en banc), Casey v. Secretary, 987 F.2d 1230 (6th Cir. 1993), and even if the reviewing court would decide the matter differently, Kinsella v. Schweiker, 708 F.2d 1058, 1059 (6th Cir. 1983).

In the instant case, Plaintiff maintains he is disabled as a result of chronic back pain radiating into his legs. The law is clear, however, that the mere existence of an impairment, even a severe one, will not entitle the claimant to disability benefits unless the impairment prevents him from returning to his previous  work or any other substantial, gainful activity existing in the national economy, considering his age, education and work experience.  42 U.S.C. § 423(d)(2)(A), 20 C.F.R. § 416.1505 (2005).

DISCUSSION AND ANALYSIS

A claimant's subjective allegations of disabling pain are insufficient, by themselves, to support a claim for benefits.  Sizemore v. Secretary, 865 F.2d 709, 713 (6th Cir. 1988). Pain alone can be disabling if it is severe enough to preclude all substantial, gainful activity, but the symptoms must be substantiated by some objective, clinical or laboratory findings. Hurst v. Secretary, 753 F.2d 517, 519 (6th Cir. 1985).  Where, as here, the claimant alleges

**4**

disability as a result of severe pain, the Sixth Circuit has established a standard to evaluate those complaints. Under that standard, a claimant has the burden of providing objective evidence confirming the severity of the alleged pain, or establishing that the medical condition is of such a kind and severity that it could reasonably be expected to produce the allegedly disabling pain. Duncan v. Secretary, 801 F.2d 847, 853 (6th Cir. 1986), McCormick v. Secretary, 861 F.2d 998, 1002-1003 (6th Cir. 1988).

Substantial evidence existed on the record supporting the Commissioner's conclusion that Plaintiff retained the residual functional capacity for a restricted range of light work providing a sit-stand option. Contrary to Plaintiff's assertion, the medical evidence did not support his allegations of disabling back pain.

An MRI scan of Plaintiff's lumbar spine, taken in September 2001, showed mild posterior bulging of the intervertebral discs and mild narrowing of the disc spaces. There was no central canal stenosis, and no evidence of disc herniation (TR 223). A follow-up EMG and nerve conduction study performed three months later were similarly unremarkable. Both tests were completely normal, revealing no electrodiagnostic evidence of right or left lumbosacral radiculopathy or neuropathy (TR 120). Repeat MRI and EMG studies in June and July 2002, yielded essentially the same normal results (TR 114-115).

Physical examination of claimant's spine did not reveal any signs of muscle wasting or atrophy. There was no evidence of sensory deficits or abnormal motor strength (TR 107, 151-152, 220). Moreover, Plaintiff's daily activities belied his allegations of disabling pain. The claimant indicated that he drove his child to school and his wife to work every weekday. He then drove himself to physical therapy before taking his parents to the grocery store. Plaintiff also exercised twice a day, went to church, and prepared his own

5

breakfast and lunch (TR 78-80, 84, 248-249).  Given Plaintiff's  fairly high level of activity, it was not surprising that one examining physician, Dr. Croissant, concluded in December 2002, that the claimant was exaggerating the severity of his pain symptoms (TR 152).  In light of that evidence, the Commissioner could reasonably conclude that Plaintiff's subjective complaints of persistent, severe, totally disabling symptoms stemming from his back pain were not fully credible.

It is the rare case, the exception, in which every piece of evidence points incontrovertibly towards a decision to deny benefits. There was evidence in the record which, taken in isolation, might suggest that the Plaintiff was totally disabled and that his testimony was fully credible. However, special deference is owed to the credibility findings of the ALJ, who was the only one who had the opportunity to observe the demeanor of the witness, evaluate what was said and how it was said, and to consider how that testimony fit in with the rest of the medical evidence.  Such observation is invaluable and should not be discarded lightly.  Beavers v. Secretary, 577 F.2d 383 (6th Cir. 1978).  See also Williamson v. Secretary, 796 F.2d 146, 150 (6th Cir. 1986).

By establishing that he could not return to his past relevant work, the Plaintiff here effectively shifted to the Commissioner the burden of proving that he had the vocational qualifications to perform alternative jobs in the economy, notwithstanding his various impairments. The Commissioner, however, met her burden of proving the existence of jobs which accommodated claimant's known restrictions. In response to a hypothetical question that took into consideration claimant's educational and vocational background, along with his significant impairments, the Vocational Expert testified that there were numerous unskilled packaging, machine tender, inspection and bench assembly jobs that he could

still perform with minimal vocational adjustment (TR 257-258). These jobs provided a sit-stand option[3], and required only occasional bending and twisting (TR 259). Given the objective clinical findings of the examining physicians of record, substantial evidence existed on the record that Plaintiff retained the residual functional capacity for a restricted range of light work activity[4].

In sum, the Commissioner's decision to deny benefits was within the range of discretion allowed by law and there is simply insufficient evidence for the undersigned to find otherwise.  Accordingly, Plaintiff's Motion for Summary Judgment should be denied, that of Defendant granted and the instant Complaint dismissed.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal.  United States v. Walters, 638 F.2d 947 (6th Cir. 1981), Thomas v. Arn, 474 U.S. 140 (1985), Howard v. Secretary of HHS, 932 F.2d 505 (6th Cir. 1991).  Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th

---

[3]Plaintiff asserts that the 15,000 jobs identified by the Vocational Expert (VE) required him to stand for six of eight hours a day.  The ALJ, however, asked the VE whether these same jobs could be performed by an individual while in a seated position (TR 259). In response, the VE testified that "pretty much all" of these jobs could be performed in the seated or standing position (TR 259).

[4]Even though the ALJ did not ask the VE whether his testimony was consistent with the vocational information found in the Dictionary of Occupational Titles (DOT), contrary to recently enacted Social Security regulations, such omission can be considered harmless error since Plaintiff does not allege that a conflict even exists.  Indeed, the DOT contains hand packer and machine tender jobs that fall within the light and unskilled exertional category, as identified by the VE (TR 257).

Cir. 1987), <u>Willis v. Secretary of HHS</u>, 931 F.2d 390, 401 (6th Cir. 1991).  Pursuant to Rule 72.1 (d)(2) of the <u>Local Rules of the United States District Court for the Eastern District of Michigan</u>, a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than five (5) pages in length unless by motion and order such page limits are extended by the Court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/Donald A. Scheer<br>
DONALD A. SCHEER<br>
UNITED STATES MAGISTRATE JUDGE

DATED: March 27, 2006

_____

<b>CERTIFICATE OF SERVICE</b>

I hereby certify on March 27, 2006 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically.  I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on March 27, 2006.  **None.**

s/Michael E. Lang<br>
Deputy Clerk to<br>
Magistrate Judge Donald A. Scheer<br>
(313) 234-5217